# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8462 | **DATE** | 2/1/2013 |
| **CASE TITLE** | Caldera Pharmaceuticals, Inc. vs. The Regents of the University of California, et. al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion [34] to remand is granted. Defendants' motion [20] to disqualify counsel is terminated as moot.

■[ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

Plaintiff's motion to remand is granted. The arguments for and against federal jurisdiction in this case have, in the main, been extensively discussed both in my May 12, 2011, order remanding an earlier iteration of this case (the "Remand Order"), and in the lengthy opinion by the California Court of Appeal in *Caldera Pharmaceuticals, Inc. v. Regents of the Univ. of California*, 140 Cal. Rptr. 3d 543 (Cal. App. Ct. 2012). While it is true that plaintiff named Argonne as a defendant after those decisions were issued, its claims against Argonne are contingent on the claims against the Regents and LANS, and they are at least as firmly rooted in state law, and involve issues of federal patent law at least as tangentially, as the claims against those defendants. Accordingly, I need not retread the grounds earlier examined and discuss only a few additional considerations.

First, Argonne's synopsis of the grounds for the Remand Order ("this Court remanded the action on grounds that issues of foreign patent rights did not arise under the U.S. patent law") not only ignores several of the considerations on which I explicitly based my decision (which, as plaintiff correctly notes, implicitly hearkened to the Court's analysis in *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006) and in *Grable and Sons Metal Products, Inc. v. Darue Engineering, & Mfg.*, 545 U.S. 308 (2005)), it also puts a misleading gloss on a critical point: I did not remand plaintiff's case because plaintiff's claims involve issues of foreign, rather than U.S., patent law. I remanded plaintiff's case because its claims are essentially *state law* claims, notwithstanding defendants' argument that some analysis of foreign patent law may be relevant to plaintiff's theory that defendants' failure to file timely PCT applications entitles plaintiff to relief.[1] *See* Remand Order at 10-11 (explaining that this theory "will require a court to resolve state law claims based on a contract in which patent issues are only peripherally implicated.") . Indeed, I am not persuaded that "substantial issues" of either foreign or U.S. patent law must be resolved in connection with plaintiff's claims. Like the California Court of Appeal, I find no merit to Argonne's argument that plaintiff's claims are patent infringement claims disguised as state law claims. *See Caldera* 140 Cal. Rptr. 3d at 561 ("Caldera is not asserting that any of the patents have been infringed, are invalid, or are otherwise unenforceable...").

Second, Argonne does not dispute that it failed to obtain written consent (timely from LANS, at all from

**STATEMENT**

the Regents) of all defendants before seeking removal. *See Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) ("a petition for removal fails unless all defendants join it"), abrogated on other grounds by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Argonne argues that the Regents' consent is not required because 1) federal jurisdiction over plaintiff's claim is exclusive, and 2) the Regents are "sham defendants" who were fraudulently joined. The first argument, for which Argonne cites no authority, fails in any event in view of my conclusion that plaintiff's claims sound in state law. The second argument is premised on Argonne's assertion that the Illinois state court lacks personal jurisdiction over the Regents–a dubious proposition in light of the jurisdictional facts alleged in the operative complaint, which the Regents have not, for the time being, contested–and one that I do not conclude, exercising the discretion that Argonne concedes I have, warrants applying the fraudulent joinder doctrine, a "narrow exception to the rule that plaintiff is free to choose its own forum." *Einhorn v. GMC*, No. 11 C 7619, 2011 U.S. Dist. LEXIS 128933 (N.D. Ill. Nov. 7, 2011) (Hibbler, J.). Moreover, Argonne does not dispute that LANS's consent was untimely. Plaintiff did not, contrary to Argonne's argument, waive its right to object to these procedural defects by invoking federal jurisdiction after its case was "ejected" from the California state court. Indeed, I agree with the California Court of Appeal that it was "sensible" for plaintiff to do so as a means of preserving its claims against the Regents. *Caldera*, 140 Cal. Rptr. 3d at 558, 551 n. 9.

1. The gravamen of plaintiff's complaint is that defendants violated their obligations arising under state contract and tort law. In the words of the California Court of Appeal, "whether defendants acted contrary to their obligations under the license agreement in a fraudulent manner" by failing to take certain promised actions–including making timely PCT filings–is an issue as to which "patent law is not a necessary element." *Caldera* 140 Cal. Rptr. 3d at 562 (*quoting ExcelStor Tech., Inc. v. Papst Licensing GMBH*, 541 F.3d 1373, 1377 (Fed. Cir. 2008)).